JUDGE BATTS

376-08/GMV/BGC
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Gina M. Venezia (GV 1551)
Barbara G. Carnevale (BC 1651)

ORIGINAL

08 CIV

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RIVA SHIPPING S.A., PANAMA,

                Plaintiff,

-against-

FAIR WIND (EUROPE) S.A. a/k/a FAIR WIND
(EUROPE) S.A., LAUSANNE,

                Defendant.
-----------------------------------------------------------x

08 Civ.

ORDER (i) DIRECTING
CLERK TO ISSUE PROCESS
OF MARITIME
ATTACHMENT AND
GARNISHMENT; (ii)
APPOINTING PERSON(s) TO
SERVE PROCESS PURSUANT
TO RULE 4(c);AND
(iii) DEFINING SCOPE OF
SERVICE

Upon reading and filing the Verified Complaint of the Plaintiff herein, verified on the 10th day of July, 2008, and the Affidavit of Barbara G. Carnevale, sworn to on the same day, that to the best of her information and belief, the Defendant cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1), and the Plaintiff further praying for an order appointing a special process server to serve the Process of Attachment and for an order defining the scope and methodology of the service of the Process, the grounds for which are also outlined in the above referenced affidavit; and

The Court having found that the conditions for an attachment as required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist, and that issuance of an Order authorizing a special process server and defining

NYDOCS1/308136.1

the scope and methodology of the service of the Process would be appropriate under the circumstances of this action;

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby **O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as described therein, including but not limited to any property of the Defendant (hereinafter "ASSETS"), as may be held, received or transferred in its own name or for its benefit at, moving through, or within the possession, custody or control of banking institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$378,282.54** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in respect to the claim against the Defendant, as identified in the Verified Complaint and as specified in the Process; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Barbara Carnevale, Susan Lee, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any Interrogatories, upon any garnishee named in the Process, together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendant; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and that same service is further deemed to be effective through the end of the next business day provided another service is made during the next business day.

Dated: July 10, 2008
New York, New York

_Deborah A. Batts_
U.S.D.J.